NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## WOODROW WOODS AND MARINE EXHAUST SYSTEMS, INC.,
*Plaintiffs-Cross Appellants,*

v.

## DEANGELO MARINE EXHAUST, INC.,
*Defendant-Appellant.*

---

### 2010-1478, -1509

---

Appeals from the United States District Court for the Southern District of Florida in case no. 08-CV-81579, Judge Daniel T.K. Hurley.

---

### ON MOTION

---

### ORDER

Upon review of these recently docketed notices of appeal, the court considers whether Woodrow Woods et al. (Woods) and DeAngelo Marine Exhaust, Inc. should be directed to respond concerning the timeliness of their appeals.

The district court entered judgment on June 8, 2010. On the same day, Woods moved to amend the judgment to

include a permanent injunction. The district court granted the motion in part on June 30, 2010 and on July 6, 2010 entered a permanent injunction. DeAngelo filed a notice of appeal seeking review of the permanent injunction, final judgment, and other orders on August 4, 2010. Woods filed a notice of appeal on August 19, 2010.

Pursuant to Fed. R. App. P. 4(a)(1), a notice of appeal must be filed within 30 days of entry of the judgment or order appealed. Pursuant to Fed. R. App. P. 4(a)(4)(B)(ii), "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."

In this case, the district court entered an order disposing of Woods' motion to amend the judgment on June 30, 2010. Thus, any appeal was due within 30 days of that date, i.e., July 30, 2010. Because DeAngelo's appeal was filed on August 4, five days late, it appears to be untimely with respect to the judgment and all other rulings of the district court other than the July 6 permanent injunction order. Thus, it appears that the court has jurisdiction over DeAngelo's appeal only to the extent he challenges the July 6 order.

Woods' appeal similarly appears to be untimely. Fed. R. App. P. 4(a)(3) allows a party to file a notice of appeal within 14 days after another party files a notice of appeal. However, in this case Woods filed its appeal 15 days after DeAngelo's appeal. Thus, it appears that Woods' appeal is untimely.

Accordingly,

IT IS ORDERED THAT:

(1)  DeAngelo is directed to respond within 14 days of the date of filing of this order concerning the court's jurisdiction over its appeal.

(2)  Woods is directed to show cause within 14 days of the date of filing of this order why his appeal should not be dismissed as untimely.

(3)  The briefing schedule is stayed.

FOR THE COURT

SEP 2 1 2010
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Jennifer E. Simpson, Esq.
     Michael C. Cesarano, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 2 1 2010

JAN HORBALY
CLERK